[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2005
THOMAS K. KAHN
CLERK

No. 04-15261
Non-Argument Calendar

_____

D. C. Docket No. 04-00136-CR-H-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE  HINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 9, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Tyrone Hines, a federal prisoner, appeals his sentence for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal,

Hines argues that the district court improperly imposed a four-level enhancement to his base offense level for possession of a firearm while committing another felony. Although Hines signed a sentence appeal waiver, he argues that his claim falls within an exception to the appeal waiver, namely that he may appeal his sentence because it exceeds the applicable guideline sentencing range.

We review *de novo* the knowing and voluntary nature of a sentence appeal waiver. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver may be enforced, so long as it was knowingly and voluntarily made. *Id.* at 1350. To prevail upon its contention that the sentencing claim is waived, we have indicated that "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

Hines does not dispute that the appeal waiver was knowing and voluntary. Although he argues that the issue he seeks to raise falls within the exception to the appeal waiver for a sentence that exceeds the sentencing guidelines range, Hines actually is arguing that the district court incorrectly calculated his sentencing guidelines range. Accordingly, we conclude that the claim is barred by the

sentence appeal waiver.  *See Bushert*, 997 F.2d at 1350.  Moreover, Hines's

sentence did not even exceed the guideline range that he argues should have been

applied.  Accordingly, we affirm Hines's sentence.

**AFFIRMED.**